UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HENRY KING,**<br>        Plaintiff,<br>vs.<br>**CAROLYN COLVIN,** Acting Commissioner for the Social Security Administration (SSA),<br>        Defendant. | Case No. 16-cv-02912 YGR<br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. Nos. 20, 24 |

Plaintiff Henry King, proceeding *pro se*, brings this action for judicial review of a decision of the commissioner of the Social Security Administration (the "SSA"). (*See* Dkt. No. 11.) Specifically, plaintiff brings a claim for reinstatement of his supplemental security income disability payments, which the SSA recently terminated. Plaintiff originally filed this case against the SSA in the Alameda County Superior Court, Small Claims Jurisdiction on March 21, 2016. (*See* Dkt. No. 1, Notice of Removal.) On May 31, 2016, the United States Attorney General removed the case on behalf of the SSA pursuant to 28 U.S.C. section 1442.

Currently pending before the Court is the SSA's motion to dismiss the case for lack of subject matter jurisdiction. (Dkt. No. 20.)[1] Having carefully considered the papers submitted and the pleadings in this action, and for the reasons described below, the Court **GRANTS** the SSA's motion and **DISMISSES** plaintiff's case **WITHOUT PREJUDICE**.

**I.    BACKGROUND**

Plaintiff was approved for supplemental security income ("SSI") disability payments effective March 1, 1999. (Dkt. No. 20-1, "Martinez Decl.," ¶ 3.a.) Plaintiff received monthly SSI disability payments through February 2016 when the SSA notified plaintiff his SSI benefits would be reduced to zero beginning April 2016. (*Id*. ¶ 3.h.) The SSA did so based on their determination that plaintiff and his wife had includable resources exceeding $3,000, making plaintiff ineligible for SSI benefits. (*Id*. ¶

---

[1] Plaintiff's August 16, 2016 supplemental opposition to the SSA's motion was also styled as a motion for summary judgment. (Dkt. No. 24.) For the reasons set forth herein, the Court concludes it is without subject matter jurisdiction to hear this case. Plaintiff's motion is **DENIED AS MOOT**.

3.e.) Then, in March 2016, the SSA further notified plaintiff he had been overpaid $23,846.80 for SSI monthly benefits received for the periods December 2013 through January 2015 and March 2015 through February 2016. (*Id*. ¶¶ 3.g, 3.h.)

On March 15, 2016, plaintiff filed a request for reconsideration to appeal the decision he had been overpaid. (*Id*. ¶ 3.j.) That same day plaintiff sent a letter to the SSA requesting that it waive the overpayment on grounds that the SSA's decision that he and his wife had includable resources exceeding $3,000 was incorrect. (*Id*. ¶ 3.k.)

On April 11, 2016, the SSA sent plaintiff a notice of reconsideration informing him that its decision would not change. (*Id*. ¶ 3.l.) On April 21, 2016, plaintiff requested a hearing before an administrative law judge ("ALJ") to appeal the reconsideration decision. (*Id*. ¶ 3.n.) On June 20, 2016, the SSA sent plaintiff's request to the Office of Disability Adjudication and Review and, as of the time of the SSA's motion to dismiss, that request was awaiting scheduling. (*Id*.)

Meanwhile, on May 7, 2016, the SSA informed plaintiff that his request to waive the overpayment was denied. (*Id*. ¶ 3.m.) Plaintiff submitted a request for reconsideration of that denial on June 29, 2016. (*Id*. ¶3.o.)

On June 22, 2016, plaintiff filed an amended complaint alleging that he is appealing the decision of the SSA commissioner to stop his SSI payments. (*See* Dkt. No. 11.)

**II.    THE SSA'S MOTION TO DISMISS**

The SSA moves to dismiss plaintiff's complaint under Rule 12(b)(1) on grounds that the Court lacks subject matter jurisdiction to hear his claim. Plaintiff fails to oppose substantively, instead submitting arguments on the merits of his claim of being wrongfully denied SSI benefits.

**A. Applicable Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id*. A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

2000). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004). "If the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Wolfe*, 392 F.3d at 362 (internal quotations omitted).

To confer subject matter jurisdiction in an action against the United States, a plaintiff must show both (1) a waiver of sovereign immunity, and (2) "statutory authority vesting a district court with subject matter jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). Waivers of immunity whereby the sovereign consents to suit are "construed strictly in favor of the sovereign." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992) (internal quotations omitted). Federal courts lack subject matter jurisdiction to entertain claims against the federal government absent a showing of "an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). To establish subject matter jurisdiction over claims against the sovereign, plaintiffs "cannot rest on the assertion that principles of immunity do not apply," but "[r]ather must establish some form of statutory authorization for their claims." *Alvarado*, 509 F.3d at 1016 (citing *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006)).

### B. Review of Final Decision of the SSA Commissioner

Congress provides a waiver of sovereign immunity for judicial review of the SSA's determinations as to SSI claims in 42 U.S.C. section 405(g), in relevant part:

> Judicial review. Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Congress limited federal courts' jurisdiction to review of "final" decisions of the commissioner, defined in 42 U.S.C. section 405(h) as:

> Finality of Commissioner's decision. The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

"[W]here an individual seeks a monetary benefit from the agency . . . , the agency denies the benefit, and the individual challenges the lawfulness of that denial," the waiver in Section 405(g) as limited in Section 405(h) is the exclusive method for judicial review of the SSA's decision. *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (1999). Accordingly, Section 405(g) provides the only statutory basis for plaintiff to seek judicial review of the commissioner's decisions. *Id.* Section 405(h) "demands the 'channeling' of virtually of all legal attacks through the agency," and in that respect, prevents "premature interference by" the federal courts in review of its decisions in each case. *Id.* at 13*; see, e.g., Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 779 (9th Cir. 2000) (holding that Section 405(h) "is a complete bar to federal question jurisdiction" where "there is an administrative channel for review of" the adverse determination at issue).

Under Section 405(g), federal courts are empowered only to review the "final decision of the Commissioner of Social Security *made after a hearing*." 42 U.S.C. § 405(g) (emphasis supplied); *see Califano v. Sanders*, 430 U.S. 99, 108 (1977) (holding that the predecessor statute to Section 405(g) "clearly limits judicial review to a particular type of agency action," a decision made after a hearing). An action of the SSA is not a "final decision" until a claimant exhausts the SSA's four-step administrative review process, including a hearing before an ALJ. *See* 20 C.F.R. § 416.1400(a)(1)–(5) (detailing the four steps in the administrative review process, only after which the SSA has made a "final decision" reviewable by a federal district court). Here, two levels of review remain. Until completed, a district court lacks jurisdiction to review claims for benefits under Section 405(g). *See Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1144–45 (9th Cir. 2010) (concluding that "the federal courts may not assert jurisdiction over" claims under Section 405(g) where plaintiffs do not allege they exhausted their claims through the administrative process).

4

Here, plaintiff asks the Court to review the SSA's decision that his includable resources exceed $3,000, rendering him ineligible for SSI benefits. Plaintiff does not allege that he has exhausted the administrative process. The SSA submits evidence showing plaintiff has not exhausted his administrative remedies. The statute clearly dictates that plaintiff may not seek judicial intervention without first exhausting the administrative appeals process. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.400. Plaintiff has initiated the review process as to the overpayment decisions and must allow the agency to complete its review, including a hearing before an ALJ, before bringing a claim in this Court. *Id.*; *see also Uhm*, 620 F.3d at 1144–45.

Plaintiff disputes whether the funds in the bank account the SSA considered to re-calculate his resources to exceed the $3,000 limit were attributed to him properly. In that regard, plaintiff argues that the SSA should have to prove the bank account belonged to him before they suspend his benefits. (*See* Dkt. Nos. 22, 24, 26.) Plaintiff raises a factual issue going directly to his claim for benefits, which the SSA should resolve before the Court reviews the SSA's final decision based on a developed record. *See Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (recognizing that the "the exhaustion requirement allows the agency to compile a detailed factual record and apply agency expertise in administering its own regulations"). Plaintiff's claim of the SSA's alleged error does not allow him to circumvent the administrative process. *Id.*

Because plaintiff has not exhausted the administrative process, plaintiff has not met his burden to show he is appealing a "final decision." The Court does not have jurisdiction to review the SSA's benefits decisions under Section 405(g).

### C.  Mandamus Action[2]

Congress also provides a waiver of immunity for claims against the sovereign where district courts are exercising their mandamus powers under 28 U.S.C. section 1361:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

In certain circumstances Section 1361 may be "an appropriate basis for jurisdiction in an action challenging procedures used in administering social security benefits." *Kildare*, 325 F.3d at 1084.

---

[2] Although plaintiff does not explicitly state an action for mandamus, the Court addresses it out of an abundance of caution in light of plaintiff's *pro se* status.

5

Not so here. Plaintiff has not yet exhausted his available administrative remedies and he "clearly [has] an adequate remedy in § 405(g) for challenging all aspects" of the SSA decisions in a district court once he completes the administrative process. *See Heckler v. Ringer*, 466 U.S. 602, 617 (1984) (mandamus is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty"). Indeed, administrative review of the underlying decisions may correct the error of which plaintiff complains. Mandamus is simply not appropriate here. *See Kildare*, 325 F.3d at 1084 (finding mandamus inappropriate where appellants had not yet completed the administrative process as required by Section 405(g)).

As no waiver of sovereign immunity applies to plaintiff's claim for review, the Court is without jurisdiction over the case. Defendant's motion is **GRANTED**.

### D.  Leave to Amend

Leave to amend is liberally granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). One exception to this general rule of permissiveness, however, is where amendment would be futile. *Foman*, 371 U.S. at 182; *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). Plaintiff has failed to identify other facts or theories that would allow for judicial review of his claim and justify granting leave to amend. The Court finds it would be futile to grant leave to amend under these circumstances.

### III.  CONCLUSION

Based on the foregoing, the SSA's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. The case is **DISMISSED WITHOUT PREJUDICE** to plaintiff bringing his claim for review once he receives a final decision from the Commissioner of Social Security.

This Order terminates Docket Numbers 20 and 24 and terminates this case.

**IT IS SO ORDERED.**

Dated: September 8, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**